IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALONZO DEMONT RICE #479048 | § | |
| v. | § | CIVIL ACTION NO. 9:11cv138 |
| BLAKE LAMB, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Alonzo Rice, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint and at an evidentiary hearing, Rice raised six grounds for relief. In brief, these are: (1) he was denied due process at a prison disciplinary which was later overturned; (2) he was denied the right to have his life endangerment (LID) complaint reviewed by an equitable and impartial fact-finder; (3) a number of his Step Two grievances were not answered but were returned to him because of "inappropriate attachments," even though these attachments had been accepted at the Step One level; (4) prison officials implemented a policy that inmates would have their mail go out when they went to shower, but they did not always go to shower, so he went as many as five days without being able to send mail; (5) he was subjected to "inhuman living conditions" because his next-door neighbor had a colostomy bag and threw feces on his (the neighbor's) cell wall, causing bad odors and drawing flies; and (6) the grievance officers were destroying grievances. He also said, apparently as part of claim no. 6, that he was being denied legal visits with other inmates.

1

After review of the pleadings, testimony, and prison records, including Rice's grievances, disciplinary history, and life endangerment requests, the Magistrate Judge issued a Report on September 14, 2012, recommending that the lawsuit be dismissed. The Magistrate Judge concluded that Rice failed to show any cognizable harm as a result of the disciplinary case, Rice's claim concerning the allegedly inadequate investigation into his life endangerment request did not show deliberate indifference, Rice had no liberty interest in the prison grievance procedure, Rice failed to show any harm as a result of brief denials of outgoing mail, Rice's claim of unsanitary living conditions because of the condition of the cell next door did not rise to the level of a constitutional violation, Rice failed to show deliberate indifference in Sgt. Wyatt's investigation of another life endangerment complaint, and Rice did not show that he had been denied access to court as a result of the alleged destruction of his grievances, and his claim in this regard was based on speculation because Rice did not state how he knew that grievances were being destroyed or that the two persons he named were responsible for this. The Magistrate Judge therefore recommended that Rice's lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Rice filed two sets of objections to the Report of the Magistrate Judge. In his first objection, Rice first complains that he was denied due process in the disciplinary hearing, although he concedes that it was set aside. He says that he suffered an "atypical or significant hardship," apparently referring to his complaints about the conditions of his cell, and points to affidavits from various inmates in support of this complaint.

These affidavits of inmates Benjamin Franklin, Darwin Williams, Donald Morgan, and Ruben Guerrero all attest that Rice and other inmates live in cells which are "infested with numerous little insects such as flies, ants and roaches." Rice's amended complaint contains the following statement: "the plaintiff also suffered the harsh confinement to the LOP (loss of privileges) cells that was infested with crawling little red ants for an entire calendar month and was subjected to the loud [sic] foul smell of human waste matter." Both sets of objections filed by Rice refer to this claim.

Rice's pleadings and testimony fail to show any basis for relief. In <u>Davis v. Scott</u>, 157 F.3d 1003, 1006 (5th Cir. 1998), the prisoner complained that he was kept for a brief period of time in a cell which was "just filthy," with blood on the walls and human waste as well as old food on the floor. In affirming the dismissal of the complaint, the Fifth Circuit specifically noted that the plaintiff had failed to allege an injury.

Similarly, in <u>McCord v. Maggio</u>, 927 F.2d 844 (5th Cir. 1991), the plaintiff complained that he lived in roach-infested, windowless, unlighted cells into which rain water and backed-up sewage leaked; the Fifth Circuit observed that McCord would have to show an injury resulting from these conditions on remand in order to prevail. *Accord*, <u>Memphis Community School District v. Stachura</u>, 477 U.S. 299, 308 (1986) (for a Section 1983 claim to be viable, the plaintiff must allege an injury).

The indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities. <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 848 (5th Cir.), *cert. denied* 493 U.S. 969 (1989). The Supreme Court has held, however, that to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346-7 (1981).

The <u>Rhodes</u> Court held that any Eighth Amendment analysis must look to the evolving standards of decency that mark the progress of a maturing society, but cautioned that the standards are derived from objective factors. <u>Rhodes</u>, 452 U.S. at 346.

In compliance with the Supreme Court's opinion, the Fifth Circuit has stated that the Eighth Amendment does not afford protection against mere discomfort or inconvenience. <u>Wilson</u>, 878 F.2d at 849.

In this case, Rice's claims concerning insects or proximity to the unclean conditions in the cell next door do not show wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, or the deprivation of the minimal civilized measures of life's necessities. Rice's own pleadings and testimony do not show that he has been subjected to such conditions, much less that he has suffered any type of harm thereby. *See also* Frechou v. Allison, civil action no. 1:08cv1396, 2010 WL 578493 (S.D.Miss., February 11, 2010, appeal dismissed) (rejecting claim of lack of pest control for ants and spiders, resulting in plaintiff being bitten "by a few ants at times"). Rice's objection on this point is without merit.

In his second set of objections, Rice first says that the records in his prior lawsuit, cause no. 9:09cv120, show that his mail was being tampered with. He points to pages 14 and 15 of the Magistrate Judge's Report in the present case and to affidavits from other inmates attesting that while on loss of privileges status, they were only allowed to send out mail on days when they had showers, and they did not shower every day. Rice also points to a letter which he received from the Fifth Circuit Court of Appeals, dated May 21, 2010, telling him that the time in which he could reasonably request reinstatement has expired. Although Rice states that this letter was in conjunction with civil action no. 9:09cv120, the docket of that cause shows that the case was not dismissed until 2012, and Rice did not file any notices of appeal in that case until February 27, 2012.[1] It is not entirely clear what Rice's letter from the Fifth Circuit is referring to, inasmuch as it is dated in May of 2010, at a time when Rice had no appeals pending and had not previously filed any; in any event, however, Rice has plainly failed to show that his legal position in any case suffered prejudice as a result of the fact that he could not mail out letters every day. His appeal of cause no. 9:09cv120 is still pending, and Rice has been able to file in his appeal a motion for leave to proceed *in forma*

---

[1] The online records of the Fifth Circuit show that the February 2012 appeal by Rice in cause no. 9:09cv120 is the only notice of appeal which Rice has filed in the Fifth Circuit, in *any* case. Rice had filed two previous lawsuits, in 1997 and 1998, but did not appeal the dismissal of either of these.

*pauperis* with a brief in support, a motion for appointment of counsel, and a motion for relief under Rule 8(a)(2). He clearly has had access to the Fifth Circuit Court of Appeals sufficient to allow him to file motions and pleadings in his pending appeal.

The Fifth Circuit has held that a litigant claiming denial of access to courts must show that his legal position has been prejudiced by the mail tampering. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993), *citing* Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), *cert. denied* 112 U.S. 2974 (1992); *accord*, Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court). Furthermore, while inmates have a general First Amendment right to send and receive mail, *see* Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874 (1989), this does not mean that they have an unfettered right to send and receive mail on every possible day. *See, e.g.*, McBride v. Bremer, 990 F.2d 1253, 1992 WL 129786 (5th Cir., April 16, 1993) (no federal constitutional right to receive mail on Saturdays); Williams v. Hargett, 41 F.3d 663, 1994 WL 684753 (5th Cir., November 17, 1994) (rejecting challenge to Mississippi policy eliminating delivery of prison mail on Saturdays). In the absence of any showing of harm, Rice's claim on this point is without merit.

Rice next returns to his complaint about the disciplinary hearing, asserting that the hearing officer, Captain Lamb, had been a voting member at his classification committee life endangerment review and thus should not have presided over the disciplinary case. He concedes that the disciplinary case ultimately terminated in his favor, but says that his good time was not restored because of prison policies set out in the TDCJ inmate orientation handbook. However, the TDCJ records in this case show that Rice's good time was restored when the disciplinary case was overturned; the policies to which Rice refers do not encompass situations in which a disciplinary case forfeiting good time is overturned, and Rice offers nothing to show that his good time credits were in fact not restored after the disciplinary case was overturned. *See* Harper v. Goodwin, 162 Fed.Appx. 304, 2006 WL 73366 (5th Cir., January 10, 2006) (inmate's confinement in administrative segregation for 23 days after a disciplinary hearing did not raise due process concerns

where the inmate's good time credits were restored after the disciplinary conviction was overturned on appeal); Crumbley v. Helem, slip op. no. 11-40357, 2012 WL 975022 (5th Cir., March 22, 2012) (no denial of constitutional rights shown in connection with a disciplinary conviction which was overturned on appeal and good time credits restored). Even if Captain Lamb violated TDCJ rules by presiding over the disciplinary case after serving as a committee member, this does not show a federal constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Rice's objections are without merit.[2]

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 33) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

---

[2]Neither of Rice's objections addressed his claims that he was denied the right to have his life endangerment complaint reviewed by an equitable and impartial fact-finder, a number of his Step Two grievances were not answered, the unit grievance officers were destroying grievances, or that he was being denied legal visits with other inmates. Accordingly, Rice is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of these unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

ORDERED that a copy of this opinion shall be sent by the Clerk to the Administrator of the Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **16** day of **October, 2012.**

_____
Ron Clark, United States District Judge