IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALONZO RICE | § | |
| v. | § | CIVIL ACTION NO. 9:11cv138 |
| CAPTAIN BLAKE LAMB, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Alonzo Rice, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rice raised six grounds for relief in his lawsuit. An evidentiary hearing was conducted, following which the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. Rice's objections to the Report were overruled and the lawsuit was dismissed on October 16, 2012. On October 29, 2012, Rice filed a motion to alter or amend the judgment under Rule 59(b), Fed. R. Civ. P.

Rice argues at length that he did not receive "de novo review" of his objections to the Report recommending dismissal of the case. This is incorrect; the district judge conducted a *de novo* review of those objections then before the Court, and the objections which Rice filed after the final judgment were discussed by the Magistrate Judge as part of Rice's motion to alter or amend. He did not file any objections which were not reviewed by the Court. This objection is without merit.

Next, Rice complains that he suffered harm because he was unable to file grievances against the grievance officers, and believes that these grievances were destroyed. As the Magistrate Judge

1

explained, Rice lacks a constitutionally protected liberty interest in the prison grievance procedure. Staples v. Keffer, 419 Fed.Appx. 461, 2011 WL 989818 (5th Cir., March 21, 2011); Geiger v. Jowers, 404 F.3d 371-373-74 (5th Cir. 2005). Rice did not show that the alleged interference with his grievances resulted in a denial of his access to court or violated some other protected liberty interest. This objection is without merit.

Third, Rice complains that the Magistrate Judge did not consider the affidavits of Ruben Guerrero, dated August 1, 2012, and Benjamin Franklin, dated August 28, 2012, as well as the affidavit of Rice himself, dated August 27, 2012, which implicated the defendant Floyd Hicks in Rice's claim of interference with the grievance procedure. Because Rice has no protected liberty interest in the grievance procedure, he has not set out a viable claim in this regard. Rice's objection on this point is without merit.

Fourth, Rice alleges that he suffered harm because he had to fight off flies which were trying to land on his food. He has not shown that he actually became ill as a result of flies landing or trying to land on his food. See Cooper v. Treon, civil action no. 2:05cv434, 2006 WL 582036 (S.D.Tex., March 8, 2005, no appeal taken) (claim of unconstitutional conditions at the Garza East Unit, including food being exposed to flies before and after cooking, dismissed as frivolous; the court explained that "plaintiff has not alleged that he has ever become sick as a result of any of the alleged violations.") Accord, Encalade v. Stacks, civil action no. 9:04cv214, 2006 WL 1582468 (E.D.Tex., May 30, 2006,) appeal dismissed (rejecting claim of unsanitary food service and procedures where inmate fails to show anything more than a general complaint that his stomach hurt).

While it is true that under certain circumstances, a showing of past harm is not required, the prisoner must prove that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials' state of mind is one of deliberate indifference to the inmate's health or safety. See Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 2482 (1993); Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1995). Rice has failed to make either showing here. His objection on this ground is without merit.

Next, Rice appears to complain that prison officials did not allow him to participate in religious services. As stated by the Magistrate Judge, Rice did not raise this claim in his original complaint or at the evidentiary hearing, and Rice cannot raise new claims in a Rule 59 motion. Although Rice says that some of the people whom he sued were involved in this claim, this does not permit him to bring forth a wholly new ground for relief in a motion to alter or amend a judgment. Trust Co. Bank v. U.S. Gypsum Co., 950 F.2d 1144, 1152 and n.16 (5th Cir. 1992). In addition, Rice offered no specific facts in support of this claim. His objection on this point is without merit.

After complaining yet again that he was denied access to the grievance procedure, Rice appears to claim that he was denied the right to receive legal visits from other inmates. The Magistrate Judge correctly stated that inmates have no right to face-to-face-legal visits with one another, and no right to legal assistance from any particular inmate. In addition, Rice has not shown that he suffered harm as a result of the alleged denials; although he complains of the dismissal of his other lawsuit, civil action no. 9:09cv120, court records show that this case was dismissed as frivolous as to two of the defendants and without prejudice as to Rice's claims concerning the adjudication of a disciplinary case. Rice offered nothing to show that this dismissal was related to any actions of any of the defendants in the present lawsuit. This objection is without merit.

Finally, Rice appears to complain that the defendant Donald Merrill used "trumped up and inculpatory state's evidence" in an alleged investigation. The Magistrate Judge determined that Merrill investigated Rice's life endangerment complaint but was unable to substantiate it, and that this failed to show that Merrill acted with deliberate indifference to Rice's safety. *See* Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Rice's bald and conclusory assertion that Merrill used "trumped up and inculpatory evidence" does not show that the Magistrate Judge's conclusion was in error, particularly in light of the complete absence of supporting facts. Rice's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review,

the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 45) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion to alter or amend the judgment (docket no. 44), incorporating objections no. 41 and 42, is hereby DENIED.

So **ORDERED** and **SIGNED** on November __29__, 2012.

*Ron Clark*

Ron Clark
United States District Judge